IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT HARSH, et al.,

    Plaintiffs,                                  Case No. 2:08-cv-280

  v.                                         JUDGE GREGORY L. FROST

WARDEN ROBIN KNAB, et al.,            Magistrate Judge Mark R. Abel

    Defendants.

**OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiffs' objections (Doc. # 12) to the Magistrate Judge's July 8, 2008 Report and Recommendation (Doc. # 10). For the reasons that follow, the Court **OVERRULES** Plaintiffs' objections and **ADOPTS** the Report and Recommendation ("R&R").

The R&R recommends that Plaintiffs' joint motions for Default Judgment and Summary Judgment be denied because Plaintiffs failed to tender the United States Marshal forms for service and there is no evidence of service on the Court's docket. It also explains that prior to obtaining a default judgment there must be an application for an entry of default and that there is no such application on the Court's docket. It further explains that Plaintiffs' motion for summary judgment is premature.

Plaintiffs were instructed that if any party objects to the R&R that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court that "specifically designat[es] [the] Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto." (Doc. # 10, at 2.) Plaintiffs do not specifically identify

1

what portion(s) of the R&R to which they object. *See Martin v. LaBelle*, 7 F. App'x 492, 494 (6th Cir. 2001) ("After the issuance of a magistrate judge's report and recommendation, an objecting party must 'identify the portions of the magistrate's recommendation to which objection is made and the basis for the objection.' " (internal citation omitted)). A general objection to the R&R is an insufficient objection. *Id.*

To the extent that Plaintiffs' objections can be regarded as sufficiently specific, the Court notes that Plaintiffs contend that on March 26, 2008, the Court issued an order granting an *in forma pauperis* application and ordered Defendants to respond within forty-five days. They contend that Defendants have not responded, therefore they are entitled to default and summary judgment.

The Order granting Robert Harsh's application to proceed *in forma pauperis* states that the Defendants must answer or otherwise respond to the complaint "within forty-five (45) days after being served with a copy of the complaint and summons." (Doc. # 3, at 3.) Defendants were not served. On March 26, 2008, the Clerk of Court sent Robert Harsh copies of the United States Marshal forms, which upon completion and return would be served by certified mail by the United States Marshal Office. No completed form was returned.

Accordingly, the Court **OVERRULES** Plaintiffs' objections (Doc. # 12) **ADOPTS** the Report and Recommendation (Doc. # 10).

**IT IS SO ORDERED**.

                                                     /s/ Gregory L. Frost
                                                  GREGORY L. FROST
                                                  UNITED STATES DISTRICT JUDGE